UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO OCTAVIO PENA,

   Petitioner,

  v.

JAMES E. TILTON,

   Respondent.

_____/

No. C 07-2119 PJH

**STAY ORDER;**
**ADMINISTRATIVE CLOSURE**

  On April 16, 2007, petitioner Sergio Pena ("Pena"), a California prisoner who is currently incarcerated, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### BACKGROUND

  In 2003, a San Mateo County jury convicted Pena of second degree murder. The trial court sentenced Pena to sixteen years to life in prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the California Supreme Court thereafter denied review on January 18, 2006. Pena subsequently filed a habeas petition in the state superior court on April 16, 2007, the same day that he filed the petition with this court. Petitioner asks the court to stay the instant case pending exhaustion of his state habeas petition.

### DISCUSSION

A. Habeas Standard

  This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause

why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* at § 2243.

B.   Legal Claims

As grounds for federal habeas relief, Pena asserts that his Due Process rights were violated when the trial court admitted gang evidence against him. The claim is cognizable, but it is at least in part unexhausted. As noted, Pena asks that the case be stayed pending exhaustion, and notes that he is presently pursuing the unexhausted claims in the state court system.

District courts have the authority to stay mixed petitions to allow for exhaustion. *See Rhines v. Webber*, 544 U.S. 269, 274-75 (2005). However, such stays can only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

With respect to good cause, Pena correctly notes that once he has exhausted his claim in state court, the window in which he has to file his federal petition is extremely narrow – two days – and that absent a stay, any small delay in notification to petitioner may result in the forfeiture of his rights under AEDPA. These allegations are sufficient to support a stay in this case. Moreover, Pena's petition is "potentially meritorious," in that it presents a colorable federal claim.

Accordingly, the stay will be granted.

## CONCLUSION

For the foregoing reasons, petitioner's request for a stay is GRANTED, and the case is hereby STAYED to allow petitioner to present his unexhausted claim(s) in state court. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted. The stay is subject to the following condition:

1. Petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his

2

claims.

If this condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines*, 125 S. Ct. at 1535 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back").

Additionally, at the same time that he files his notification with this court regarding exhaustion, petitioner is hereby ORDERED to file and serve a supplemental brief in support of his petition for federal habeas relief that delineates the *specific* gang-related evidence that he contends violated his Due Process rights. In the instant petition filed with this court, petitioner has discussed a number of categories of gang-related evidence, but has not addressed specifically which evidence forms the basis for his claim. In the supplemental brief, petitioner should delineate the specific evidence and explain why the trial court's admission of that evidence violated his constitutional rights.

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened, the stay vacated, and an order to show cause issued upon notification by petitioner in accordance with the conditions set forth above.

**IT IS SO ORDERED.**

Dated: April 23, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

3