UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGIO OCTAVIO PENA,

    Petitioner,

    v.

JAMES E. TILTON,

    Respondent.
_____/

No. C 07-2119 PJH

**ORDER REOPENING CASE; ORDER TO SHOW CAUSE**

On April 16, 2007, petitioner Sergio Pena ("Pena"), a California prisoner who is currently incarcerated, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 23, 2007, the court stayed and administratively closed the case so that Pena could exhaust his claims in state court. Pena has since exhausted his claims.

**BACKGROUND**

In 2003, a San Mateo County jury convicted Pena of second degree murder. The trial court sentenced Pena to sixteen years to life in prison. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal, and the California Supreme Court thereafter denied review on January 18, 2006. Pena subsequently filed a habeas petition in the state superior court on April 16, 2007, the same day that he filed his federal habeas petition with this court. As noted above, the court stayed the federal petition pending exhaustion of Pena's claims in the state courts.

On June 1, 2007, the state superior court denied Pena's habeas petition. The California Court of Appeal subsequently denied habeas relief on September 7, 2007, and the California Supreme Court also denied relief on May 14, 2008. On June 13, 2008, Pena filed an application to reopen this case and an amended petition for writ of habeas corpus,

as required by the court's April 23, 2007 order.

**DISCUSSION**

A. Habeas Standard

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* at § 2243.

B. Legal Claims

Pena raises three claims for federal habeas relief: (1) that he was denied due process when the state trial court instructed the jury in accordance with the prosecution's "mutual combat" jury instruction, and rejected Pena's related jury instruction which incorporated the defense's theory of the case; (2) that he was denied due process when the state court admitted gang-related evidence, including the testimony of a gang expert and evidence regarding Pena's gang affiliation; and (3) that he received ineffective assistance from his state appellate counsel when counsel failed to raise the above two claims on direct appeal in the state courts.   Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1. Petitioner's case is REOPENED.

2. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

3. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules

2

Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

    4.    If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: June 17, 2008

_____
PHYLLIS J. HAMILTON
United States District Judge